**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GENTRY WILLIAM FREEMAN,** | ) | **CASE NO. 4:10CV369** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **RICHARD GANSHEIMER, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

     This matter comes before the Court on Petitioner Gentry William Freeman's

Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody (ECF #1).  For the following reasons, the Court accepts and adopts the

Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition as

time-barred.

**<u>FACTS</u>**

     The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

In May 2002, the Trumbull County Grand Jury charged Petitioner with two counts of Aggravated Murder and one count of Kidnapping.  On December 9, 2003, Petitioner executed a Plea Agreement to a reduced charge of Voluntary Manslaughter and Kidnappping.  Petitioner also agreed to two consecutive eight-year prison terms.  The court sentenced Petitioner to the recommended sixteen-year term of incarceration.  On May 19, 2004, Petitioner filed a Motion for Leave to File a Delayed Appeal.  On August 27, 2004, the court granted Petitioner's Motion and appointed counsel to represent him.  On February 6, 2006, the Court of Appeals upheld Petitioner's convictions and sentence.

On August 16, 2007, Petitioner filed a Motion for Leave to File a Delayed Appeal in the Ohio Supreme Court, which was denied on October 3, 2007.

On December 14, 2009, Petitioner filed a Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 2.1, alleging the court failed to advise him of the imposition of post-release control at his sentencing hearing. On February 26, 2010, the court denied the Motion, but ordered Petitioner to be re-sentenced for the purpose of advising him of his post-release control sanctions in open court.  On April 15, 2010, Petitioner was re-sentenced to the same prison term.

Petitioner  filed the instant Petition for a federal Writ of Habeas Corpus in this court on February 18, 2010, asserting the following two grounds for relief:

**Ground One**: Defendant may not receive consecutive prison sentences where the record reveals that the offenses involved are allied offenses of similar import under the facts of the case.

**Ground Two**:  A defendant is denied his Sixth Amendment guarantee to effective assistance of trial counsel when the facts reveal that trial counsel did not properly object to a defendant receiving consecutive sentences.

2

On March 9, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 12, 2010.  Petitioner filed his Objections to the Report and Recommendation on October 26, 2010.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

3

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28

U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment

of a state court may file a petition for a federal writ of habeas corpus:

> (d)(1)A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

Respondent asserts that Petitioner's Petition is time-barred as his conviction and

sentence became "final" within the meaning of § 2244(d)(1)(A) on January 16, 2004,

when the thirty-day period for filing a timely appeal to the state appellate court expired.

In his Objections to the Magistrate's Report and Recommendation, Petitioner contends

that he is actually innocent of the kidnapping charge, thus avoiding a  procedural bar to

the consideration of the merits of the claim.   Petitioner argues that because voluntary

manslaughter and kidnapping are allied offenses, he received an improper consecutive

4

sentence.

The Magistrate Judge points out that as the Court of Appeals correctly ruled, voluntary manslaughter and kidnapping are not allied offenses of similar import. *State v. Freeman*, 2006 WL 268768 (Ohio App. 8th Dist. Feb. 3, 2006); *see also State v. Cobbins*, 2004 WL 1576408 (Ohio App. 8th Dist. Jul. 15, 2004). A defendant may be convicted of both offenses as their elements are different. *Id.* Kidnapping requires proof that a defendant restrained a victim's liberty; voluntary manslaughter requires proof that a defendant, while under influence of sudden passion or in sudden fit of rage, knowingly caused a victim's death. *See* O.R.C. §§ 2903.03(A), 2905.01(A). The Court of Appeals ruled that "[s]ince voluntary manslaughter and kidnapping are not allied offenses of similar import, the trial court did not err by convicting Freeman of both offenses and ordering the sentences be served consecutively."

Petitioner entered into a Plea Agreement in which he acknowledged he was guilty of both voluntary manslaughter and kidnapping in return for the State dismissing more serious charges of aggravated murder. Petitioner agreed to a recommended consecutive eight-year terms of incarceration.  Petitioner, in open court, stated that he understood the terms of his plea agreement and affirmatively stated he was entering the plea of his own free will.

The Court agrees with the Magistrate Judge that since there is a strong presumption that Petitioner's statements made at the hearing were truthful, he has not demonstrated his innocence.  "[W]hen considering a petitioner's assertion that he is innocent, 'the self-inculpatory statements he made under oath at his plea allocution carry a strong presumption of verity, and the court, in reviewing the belated claims of

innocence, must draw all permissible inferences in favor of the government and against the defendant.'" *Logan v. Booker*, 2007 WL 2225887, \*4 (E.D. Mich. Aug. 1, 2007) (*quoting Urena v. People of State of New York*, 160 F.Supp.2d 606, 610 (S.D.N.Y. 2001) (*quoting United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997)); *see also Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (holding that the mere assertion of innocence, absent support from the record, is insufficient to overturn a guilty plea).

In his Objections, Petitioner contends that he is innocent of any kidnapping, beyond the necessary degree of deprivation of liberty involved in the commission of involuntary manslaughter. Petitioner asserts it is impossible to kill someone without restraining his or her liberty to a certain degree. Because the elements of kidnapping are violated in commission of voluntary manslaughter, Petitioner asserts that the two crimes are allied offenses of similar import.

The Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones* 395 F.3d at 599 (6th Cir. 2005) (following *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1998)) (Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 298.

The Court agrees that Petitioner's argument that voluntary manslaughter and kidnapping are allied offenses is a far cry from an actual innocence claim. Therefore, the Court finds that Petitioner has failed to establish that he is actually innocent. The

6

Magistrate Judge correctly determined that If a petitioner fails to establish actual innocence under the standard enunciated  in *Souter,* a Court should then examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), cert. denied, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001), to determine whether equitable tolling of the limitations period is appropriate. The factors to consider are as follows:

> (1) petitioner's lack of notice of the filing requirement;
> (2) petitioner's lack of constructive knowledge of the filing requirement;
> (3) petitioner's diligence in pursuing his rights;
> (4) absence of prejudice to the respondent; and
> (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*See Dunlap*, 250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)); *see also Sherwood v. Prelesnik*, 579 F.3d at 588 (6th Cir. 2009).  The Court agrees with the Magistrate Judge in concluding that Petitioner  has not alleged or demonstrated a lack of notice of the federal filing requirement or a lack of constructive knowledge of the filing requirement, Petitioner has not identified or detailed any efforts he undertook to pursue his federal habeas petition, and Petitioner does not contend that he was unaware of any filing requirement. The Court finds that Petitioner has not set forth any reason for his delay that would entitle him to equitable tolling under the *Dunlap* standard.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of

7

Habeas Corpus by a Person in State Custody as time-barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date:11/3/2010                        s/Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      United States District Judge

8